# WOOD, SECRETARY OF STATE OF MISSISSIPPI, ET AL. *v.* BROOM.

No. 424. Argued October 13, 1932.—Decided October 18, 1932.

2

*Messrs. J. A. Lauderdale* and *Wm. H. Watkins,* Assistant Attorneys General of Mississippi, with whom *Mr. Greek L. Rice,* Attorney General, was on the brief, for appellants.

*Messrs. Hugh V. Wall* and *Cleon K. Calvert,* with whom *Messrs. J. H. Price, J. O. S. Sanders,* and *S. B. Laub* were on the briefs, for appellee.

4

*Messrs. John R. Saunders*, Attorney General, *Edwin H. Gibson* and *Collins Denny, Jr.*, Assistant Attorneys General, and *Albert V. Bryan*, by leave of Court, filed a brief on behalf of the Commonwealth of Virginia, as *amicus curiae.*

Mr. Chief Justice Hughes delivered the opinion of the Court.

Under the reapportionment pursuant to the Act of June 18, 1929 (c. 28, 46 Stat. 21, 26, 27), Mississippi is entitled to seven representatives in Congress, instead of eight as theretofore. The Legislature of Mississippi, by an act known as House Bill No. 197, Regular Session 1932, divided the State into seven congressional districts. The complainant, alleging that he was a citizen of Mississippi, a qualified elector under its laws, and also qualified to be a candidate for election as representative in Congress, brought this suit to have the redistricting act of 1932 declared invalid and to restrain the defendants, state officers, from taking proceedings for an election under its provisions. The alleged grounds of invalidity were that the act violated Art. I, § 4, and the Fourteenth Amendment, of the Constitution of the United States, and § 3 of the Act of Congress of August 8, 1911 (c. 5, 37 Stat. 13). Defendants moved to dismiss the bill (1) for want of equity, (2) for lack of equitable jurisdiction to grant the relief asked, (3) because on the facts alleged the complainant was not entitled to have his name placed upon

the election ballot as a candidate from the State at large, and (4) because the decree of the court would be inefficacious. The District Court, of three judges, granted an interlocutory injunction, and after answer, which admitted the material facts alleged in the bill and set up the same grounds of defense as the motion to dismiss together with a denial of the unconstitutionality of the challenged act, the court on final hearing, on bill and answer, entered a final decree making the injunction permanent as prayed. Defendants appeal to this Court. U. S. C., Tit. 28, § 380.

The District Court held that the new districts, created by the redistricting act, were not composed of compact and contiguous territory, having as nearly as practicable the same number of inhabitants, and hence failed to comply with the mandatory requirements of § 3 of the Act of August 8, 1911. Sections 3 and 4 of that Act are as follows:

" Sec. 3. That in each State entitled under this apportionment to more than one Representative, the Representatives to the Sixty-third and each subsequent Congress shall be elected by districts composed of a contiguous and compact territory, and containing as nearly as practicable an equal number of inhabitants. The said districts shall be equal to the number of Representatives to which such State may be entitled in Congress, no district electing more than one Representative.

" Sec. 4. That in case of an increase in the number of Representatives in any State under this apportionment such additional Representative or Representatives shall be elected by the State at large and the other Representatives by the districts now prescribed by law until such State shall be redistricted in the manner provided by the laws thereof and in accordance with the rules enumerated in section three of this Act; and if there be no change in the number of Representatives from a State, the Representatives thereof shall be elected from the districts now

prescribed by law until such State shall be redistricted as herein prescribed."

The Act of August 8, 1911, as its title states, was an act " For the apportionment of Representatives in Congress among the several States under the Thirteenth Census," that is, the census of 1910. The first section of the act fixed the number of the House of Representatives and apportioned that number among the several States. Its second section related to the allotment of representatives to the territories of Arizona and New Mexico. The third and fourth sections expressly applied to the election of representatives to which the State was entitled " under this apportionment," that is, under the apportionment under the Act of 1911 pursuant to the census of 1910. Substantially the same provisions are found in prior reapportionments acts, the requirements as to compactness, contiguity, and equality in population in the new districts in which representatives were to be elected under the new apportionment being addressed in each case to the election of representatives " under this apportionment," that is, the apportionment made by the particular act. Act of June 25, 1842, c. 47, § 2, 5 Stat. 491; Act of February 2, 1872, c. 11, § 2, 17 Stat. 28; Act of February 25, 1882, c. 20, § 3, 22 Stat. 5, 6; Act of February 7, 1891, c. 116, §§ 3, 4, 26 Stat. 735, 736; Act of January 16, 1901, c. 93, §§ 3, 4, 31 Stat. 733, 734.

The Act of June 18, 1929, however, in providing for the reapportionment under the Fifteenth Census (none having been made under the Fourteenth Census) omitted the requirements as to the compactness, contiguity, and equality in population, of new districts to be created under that apportionment. It did not carry forward those requirements as previous apportionment acts had done. There was, it is true, no express repeal of §§ 3 and 4 of the Act of 1911 and, as the Act of 1929 did not deal with the subject, it contained no provision inconsistent with

the requirements of the Act of 1911. *Smiley* v. *Holm,* 285 U. S. 355, 373. No repeal was necessary. The requirements of §§ 3 and 4 of the Act of 1911 expired by their own limitation. They fell with the apportionment to which they expressly related. The inquiry is simply whether the Act of 1929 carried forward the requirements which otherwise lapsed. The Act of 1929 contains no provision to that effect. It was manifestly the intention of the Congress not to re-enact the provision as to compactness, contiguity, and equality in population with respect to the districts to be created pursuant to the reapportionment under the Act of 1929.

This appears from the terms of the act, and its legislative history shows that the omission was deliberate. The question was up, and considered. The bill which finally became the Act of 1929 was introduced in the first session of the 70th Congress and contained provisions similar to those of §§ 3 and 4 of the Act of 1911. H. R. 11,725; Cong. Rec., 70th Cong., 1st sess., vol. 69, p. 4054. At the second session of the 70th Congress, the House of Representatives, after debate, struck out these provisions. Cong. Rec., 70th Cong., 2d sess., vol. 70, pp. 1496, 1499, 1584, 1602, 1604. The bill passed in the House of Representatives in that form (*id* p. 1605) and, although reported favorably to the Senate without amendment (*id.* 1711), did not pass at that session. The measure as to reapportionment was reintroduced in the Senate in the first session of the 71st Congress in the form in which it had passed the House of Representatives, and had been favorably reported to the Senate in the preceding Congress, that is, without the requirements as to compactness, contiguity, and equality in population, which had been deleted in that Congress. S. 312, 71st Cong., 1st sess., Cong. Rec. vol. 71, pp. 254, 2450. And when, after the passage of this bill in the Senate, it was before the House of Representatives, and an effort was made to amend

the bill so as to make applicable the requirements of § 3 of the Act of 1911 with respect to the districts to be created under the new apportionment, the amendment failed. The point of order was sustained that, as the pending bill did not relate to redistricting of the States by their legislatures, the amendment was not germane. Cong. Rec., 71st Cong., 1st sess., vol. 71, pp. 2279, 2280, 2363, 2364, 2444, 2445. The bill was then passed without the requirements in question. Cong. Rec., 71st Cong., 1st sess., vol. 71, p. 2458.

There is thus no ground for the conclusion that the Act of 1929 re-enacted or made applicable to new districts the requirements of the Act of 1911. That act in this respect was left as it had stood, and the requirements it had contained as to the compactness, contiguity and equality in population of districts, did not outlast the apportionment to which they related.

In this view, it is unnecessary to consider the questions raised as to the right of the complainant to relief in equity upon the allegations of the bill of complaint, or as to the justiciability of the controversy, if it were assumed that the requirements invoked by the complainant are still in effect. See *Ex parte Bakelite Corporation*, 279 U. S. 438, 448. Upon these questions the Court expresses no opinion.

The decree is reversed and the cause is remanded to the District Court with directions to dismiss the bill of complaint.

*Reversed.*

MR. JUSTICE BRANDEIS, MR. JUSTICE STONE, MR. JUSTICE ROBERTS, and MR. JUSTICE CARDOZO are of opinion that the decree should be reversed and the bill dismissed for want of equity, without passing upon the question whether § 3 of the Act of August 8, 1911, is applicable. That question was not presented by the

pleadings or discussed in either of the opinions delivered in the District Court. 1 F. Supp. 134. It was not mentioned in the Jurisdictional Statement filed under Rule 12 or in the briefs of the parties filed here. So far as appears, all the members of the lower court and both parties have assumed that § 3 is controlling.