# Richmond

COMMONWEALTH, EX. REL. J. E. KELLY V. LOVE B. ROUSE.

January 17, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*J. E. Kelly,* for the plaintiff in error.

*Love B. Rouse,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

J. E. Kelly, hereinafter called the relator, presented his petition in the Corporation Court for the city of Bristol, asking leave of the court to file an information in the nature of *quo warranto* in behalf of himself and other taxpayers and voters of the city of Bristol, against Love B. Rouse, to remove him from office as attorney for the Common-wealth of the said city of Bristol, and declare said office vacant.

The petition alleges that said Love B. Rouse was elected attorney for the Commonwealth for the city of Bristol at the regular November election 1933, and afterwards duly

qualified as such; that after entering upon the duties of said office, to-wit, on or about the 1st day of February, 1934, the said Love B. Rouse accepted a position as district attorney for the "Home Owners' Loan Corporation," which corporation, an instrumentality of the United States, was created and is functioning under an act of Congress which became a law on July 13, 1933 (Act Cong. July 13, 1933, section 1 *et seq.*, as amended [12 U. S. C. A. section 1461 *et seq.*]) ; that the said corporation is empowered under said act to employ attorneys, and to pay them by drafts drawn by said corporation on the Treasury of the United States; that besides the salary paid to said Love B. Rouse as such district attorney, he receives other emoluments under the government of the United States, and also compensation as attorney for the Commonwealth, thereby vacating his office as attorney for the Commonwealth under section 290 of the Code of Virginia; that said Love B. Rouse is, therefore, illegally performing the duties of attorney for the Commonwealth, and receiving compensation therefor, against the form of said statute and against the peace and dignity of the Commonwealth. Said petition further alleges that more than thirty days prior to the filing thereof, relator had requested the Attorney General of the State of Virginia to make application to the Corporation Court for the city of Bristol for a writ of *quo warranto* against the said Love B. Rouse, and had several times since repeated the said request, but the Attorney General had failed to make the said application. The petition thereupon prays that said information be allowed to be filed in the name of the Commonwealth, and that due process of law be awarded against said Love B. Rouse to answer the same touching the matters alleged in said petition, and that the Commonwealth have such judgment against said Love B. Rouse as is appropriate and authorized by law.

The court refused the writ prayed for and dismissed the petition, to which order of the court this writ of error was awarded. Section 290 of the Code provides that no person shall be allowed to hold any office of honor, profit, or trust,

under the Constitution of Virginia, "who holds any office or post of profit, trust, or emolument, civil or military, legislative, executive, or judicial, under the government of the United States, or who is in the employment of such government, or who receives from it in any way any emolument whatever; and the acceptance of any such office, post, trust or emolument, or the acceptance of any emolument whatever under such government, shall, *ipso facto*, vacate. any office, or post of profit, trust or emolument under the government of this Commonwealth or under any county, city, or town thereof."

It is not claimed by the relator that the position of attorney for the Home Owners' Loan Corporation constitutes an office within the meaning of the above statute, but it is claimed that the acceptance of such position and the emoluments connected therewith is an acceptance of such employment and emolument under the government of the United States as is inhibited by the statute, and, *ipso facto,* vacates the office of attorney for the Commonwealth for the city of Bristol held by said Love B. Rouse.

It appears from the record that the court below took the view that the acceptance of the position as district attorney for the Home Owners' Loan Corporation, and the emoluments therefrom, was not an acceptance of employment and compensation under the government of the United States, but from the Home Owners' Loan Corporation; that the said corporation, as created and established under said act of Congress, "is a complete legal personality separate and distinct" from the United States government, and therefore, acceptance of said employment and compensation did not constitute a violation of the statute referred to.

In a written opinion given by the Attorney General of the United States to the President, dated August 22, 1933, this is said: "The Act of June 13, 1933 (Public, No. 43, 73 d. Cong.), known as the 'Home Owners' Loan Act of 1933,' was intended to supplement this Home Loan Bank System by setting up a governmental agency to provide direct relief to home owners." It is entitled: "An act to provide

emergency relief with respect to home mortgage indebtedness, to refinance home mortgages, to extend relief to the owners of homes occupied by them and who are unable to amortize their debt elsewhere, to amend the Federal Home Loan Bank Act, to increase the market for obligations of the United States, and for other purposes."

The act directs the Federal Home Loan Bank Board to create a corporation to be known as the Home Owners' Loan Corporation; that this corporation shall be an "instrumentality of the United States"; that the members of said board shall constitute the board of directors of the corporation and shall serve as such without additional compensation; that the board shall determine the minimum capital stock of the corporation, which shall not exceed $200,000,-000; and that the Secretary of the Treasury shall subscribe for this stock on behalf of the United States, and payments for such subscription shall be subject to call in whole or in part by the board. It, therefore, appears from the provisions of the act that this corporation was created as "an instrumentality of the United States" solely for the purpose of setting up a governmental agency whereby the United States government itself might provide direct relief to home owners. In the opinion of the Attorney General hereinbefore referred to, he further said: "This review of the statutory provisions discloses that the Home Owners' Loan Corporation is, in everything but form, a bureau or department of the Federal Government. It is regulated by Federal officials; all of its capital stock is furnished by the government; it is given free use of the mails."

■ In view of the purpose and provisions of the act, as above noted, we do not think there can be any doubt that Rouse's employment as attorney for the Home Owners' Loan Corporation is under the government of the United States, and his acceptance of such employment and the emoluments therefrom was in contravention of section 290 of the Code. There is, however, another phase of the case which requires consideration.

In the case of *Watkins* v. *Venable*, 99 Va. 440, 39 S. E. 147, 148, this court said:

"Neither at common law, under the modern practice, nor under the provisions of our statute in a case like this, is an applicant for the writ entitled as a matter of absolute right, to have it issued, but whether it shall be awarded or not is subject, in a considerable degree, to the exercise of a wise judicial discretion. Smart on Mandamus and Quo Warranto, etc. (Am. Ed. 1888), pp. 121, 123; High's Extra. Leg. Rem., secs. 605, 628; Code, ch. 145, sec. 3024. In the exercise of this discretion, upon the application of a private relator, says Mr. High, 'it is proper for the court to take into consideration the necessity and policy of allowing the proceeding as well as the position and motives of the relator in proposing it, since this extraordinary remedy will not be allowed, merely to gratify a relator who has no interest in the subject of inquiry. The court will also weigh the considerations of public convenience involved, and will compare them with the injury complained of in determining whether to grant or refuse the application. And whenever it is apparent that the filing of the application would result in no practical benefit, as where there is no one claiming the office in opposition to the respondent, and the term will expire before a trial of the right can be had, or where a new election for the office is about to occur, which will afford full redress to the relators, the court may properly refuse the application for leave to file the information.' " See also *Albemarle Oil Co.* v. *Morris,* 138 Va. 1, 121 S. E. 60.

We think the above rule is applicable to the instant case. The act of Congress creating the Home Owners' Loan Corporation was intended purely as an emergency measure to afford immediate direct relief on the part of the government of the United States to the owners of homes who, on account of unemployment and the widespread economic depression existing at the time of the passage of the act, were unable to pay or refinance mortgages on their homes. At the most, as we understand the purpose of the act, it was only intended as a temporary expediency, and not as a

permanent governmental agency, and the alleged employment is, therefore, of the same character. It also appears, so far as the record discloses, that there is no one claiming the office as Commonwealths attorney for the city of Bristol in opposition to the respondent, and that the relator has only a remote or slight interest in the question presented for determination. Under these circumstances we do not feel that any practical benefit would result to the relator or to the general public to award the writ, and such being the case we are of the opinion that in exercise of the judicial discretion with which this court is vested, the writ should be denied, and the judgment of the lower court affirmed.

*Affirmed.*

HUDGINS and GREGORY, JJ., concur in result.

EPES, J., dissenting.

I agree with the view of the court expressed in this statement in its opinion: "Rouse's employment as attorney for the Home Owners' Loan Corporation is under the government of the United States, and his acceptance of such employment and the emoluments therefrom was in contravention of section 290 of the Code."

If this conclusion be correct, I see no basis for the conclusion that this court may properly refuse to enforce the law as written. There are, perhaps, some exceptional cases in which a court may properly refuse to oust a *de facto* officer from office, because of the hardship that would be imposed upon the *public* by ousting him; but such cases are very exceptional, and in my opinion this case does not fall within the exception.