(No. 2909— )

McCAMPBELL & COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of Twenty-one and 38/100 ($21.38) Dollars, representing that respondent had purchased a quantity of denim for the use of the St. Charles School for Boys, on August 1, 1934. That claimant submitted an invoice which did not include the Processing Tax of Twenty-one and 38/100 ($21.38) Dollars which was then being assessed on

sales, but which was not included in this instance because of the representation that the St. Charles School for Boys was a charitable institution, and that the Federal Government would refund to the processor the tax on the goods purchased. The Federal authorities ruled that the St. Charles School for Boys was not a charitable institution and denied the refund. Petitioner's claim was filed June 1, 1936 after the Federal Commissioner had notified them that their claim for credit on tax paid had been rejected.

The tax in question was assessed under the provisions of the Federal Agricultural Adjustment Act.

The Attorney General moves to dismiss the claim on the ground that claimant seeks an award predicated upon liability of the State for a tax for which the State is not liable.

The Agricultural Adjustment Act, under which the tax was levied was held unconstitutional in the case of *U. S.* vs. *Butler,* 287 U. S. 1.

"Where the processor has not passed the tax on to the consumer he may, under Sections 901 to 917 of Title VII of the Revenue Act of 1936, recover the tax from the Federal government, and if the Commissioner refuses a refund under the above sections, the processor may prosecute his claim in the United States Court of Claims."

> *Anniston Mfg. Co.* vs. *Davis.* (Opinion rendered by U. S. Supreme Court May 17, 1937.)

In the instant case the tax was not passed on to the consumer and claimant apparently has an adequate remedy in presenting its claim to the Federal Government.

The motion of the Attorney General is therefore allowed and the claim is dismissed.