# MARCH, 1939.

ELVIRA J. DUDLEY, RESPONDENT, v. HOME OWNERS' LOAN CORPORATION, A CORPORATION, APPELLANT.—125 S. W. (2d) 95.

In the Springfield Court of Appeals. March 6, 1939.

*Carter M. Buford, R. B. Osborn* and *Redick O'Bryan,* for appellant.

*S. H. Myrant* and *David W. Hill,* for respondent.

SMITH, J.—This cause of action was originally filed before a justice of the peace in Butler County, Missouri, and based upon a petition, which, caption and signature omitted, is as follows:

. "Plaintiff states that the defendant, Home Owners' Loan Corporation, is now and was at all the times hereinafter mentioned, a cor-

poration duly organized and existing under and by virtue of the laws of the United States, engaged in loaning money upon homes and foreclosing liens thereon and managing homes, repairing and remodeling same after taking title thereto;

"That on and prior to the 11th day of September, 1937, and ever since that date the defendant owned and rented, as landlord, the home at 302 Victory Street, in Kelleytown, a suburb of the City of Poplar Bluff, in Butler County, Missouri;

"That on or about the 11th day of September, 1937, the defendant, by and through its agents, servants and employees, and carpenter, while repairing said house, front porch and steps thereof, negligently placed a part of a plank with a large, rusty, sharp nail protruding through and upward from said plank at or near the front steps of said home, thereby causing said premises to be dangerous, not reasonably safe for the use of the occupants of said home, and that Willis Dudley, while walking toward said steps for the purpose of entering said home by means of said steps, stepped upon said nail which pierced his left foot to the depth of several inches, thereby and thus crippling said Willis Dudley, the minor son of plaintiff and then of the age of thirteen years, causing him to be confined to his bed for seven weeks and to be treated by a physician and surgeon and to be nursed for all that period and causing him to lose all his earnings for that time, and that he was so injured as a result of the negligence of the defendant in placing said part of plank with said nail therein at or near said steps of the plaintiff's said dwelling house, number 302 Kelleytown; that the natural father of said Willis Dudley is deceased, and the plaintiff is his natural mother and has had the care, nursing and support of said minor, and, as a result of said injuries, the plaintiff has incurred a physician and surgeon's bill, for the treatment of said injured foot, the sum of sixty dollars, and that the plaintiff has nursed said minor for fifty-one days, which services are reasonably worth three dollars per day, a total of one hundred and fifty-three dollars for nursing, and she has lost that much time from her other work on account of such nursing, and that the plaintiff has lost at least the sum of thirty-seven dollars, the value of his services, on account of said injury; in all, plaintiff has been damaged, by reason of the said negligence of the defendant, in the sum of two hundred and fifty dollars.

"Wherefore, plaintiff prays judgment against the defendant for the said sum of two hundred and fifty dollars, her damages aforesaid, with all costs of this suit."

The record before us does not show that any pleadings were filed by the defendant in the court of the justice of the peace, but the abstract asserts that the same was tried without a jury on the 11th day of December, 1937, before the justice of the peace and resulted in

a judgment for the plaintiff, and that an appeal was had to the circuit court, and that at the January Term, 1938, of the circuit court, the defendant filed the following plea in abatement, caption and signature omitted:

"Now comes the Home Owners' Loan Corporation, the defendant in the above-entitled cause, for the purpose of this motion only, moves the Court to abate this action for the reason that the said defendant is a corporation duly organized under and by virtue of an act of Congress approved June 13, 1933, and amendments thereto, and that as such corporation it is an instrumentality of the United States Government and that it cannot be sued in tort, and, therefore, no power was ever conferred by Congress to sue said corporation in tort.

"Wherefore, the defendant prays the court to abate this action and dismiss the petition of the plaintiff."

This instrument was signed and sworn to by Redick O'Bryan, and was heard by the trial court and overruled.

Thereafter the defendant filed the following demurrer, caption and signature omitted:

"Comes now the defendant in the above-entitled cause and demurs to the petition of the plaintiff, and for grounds therefor states that plaintiff's petition does not state a cause of action under the law of this State."

This demurrer was by the court overruled, and the defendant filed an answer denying generally the allegations of the petition. A trial to a jury was had on January 11, 1938, resulting in a verdict and judgment for the plaintiff in the sum of two hundred and fifty dollars.

Defendant filed a motion for new trial, which was overruled, and an appeal was had to this court.

The case is before us under eight assignments of error. The first two are that (a) the court erred in overruling defendant's plea in abatement, and (b) the court erred in overruling defendant's demurrer to the petition. These two points are briefed together as one point.

As we view these points, our determination of them will dispose of this case.

It is insisted by the defendant that since it is an agency of the Federal Government or an arm of the government, a suit against it based on negligence cannot be maintained, or in other words, it cannot be sued in tort. It is not necessary here to go into a detailed history of the congressional acts pertaining to the Home Owners' Loan Corporation. By statutory enactment, it is "a corporation to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States . . ."

It has been definitely held that the United States Government cannot be sued in tort without its consent, no citation of authority is needed under this point. It is contended that since this corporation is but an instrumentality of the government, or in other words is but an agency of the government, the protection from liability for its torts does not apply to the agent or instrumentality. We have been cited several cases tried in the Federal Courts and others tried in the various State Courts, and we find there is a diversity of opinions as to the liability of the agent or instrumentality of the sovereign. There seems to be a unanimity of opinion that the sovereign may not be sued in tort without its consent, and we concur in that holding. But since this is an agency or instrumentality that is being sued, we must answer the question, if we can, whether the immunity extends to this arm or instrumentality of the Federal Government.

In the United States District Court of Maine, in the case of Pennell v. Home Owners' Loan Corporation, 21 Federal Supplement 497, that court definitely held that "The mere fact that the defendant is an agent of the government does not protect it from suit." That case is rather persuasive, but the defendant cites several cases, some in the Federal Courts and some in State Courts that hold the defendant not subject to suit. Among these cases so holding are two United States District Courts, one from the District Court of Massachusetts, being Maria Prato v. Home Owners' Loan Corporation, and one from the Southern District of California, Central Division, being Maude Walker v. Home Owners' Loan Corporation. At the time of writing this opinion, we do not find either of these opinions published, yet we have copies of them, and both hold that the defendant is not liable in tort. In discussing the sovereignty of the United States in connection with the Home Owners' Loan Corporation, the Court in the Walker case, *supra,* said:

"The 'Home Owners' Loan Act of 1933,' creates a depository of public funds to be expended for the relief of distressed mortgage farm and home owners, and is a political arm of the Government for the execution of Federal powers, and is within the general welfare clause of the Constitution. [Art. 1, sec. 8.] The act specifically provides: that it shall be an instrumentality of the United States.' [Sec. 1463 (a), Tit. 12 (U. S. C. A.).] The capital stock is owned by the United States. All of its employees are engaged by the United States. [Sec. 1463 (j), Tit. 12 (U. S. C. A.); Commonwealth ex rel. Kelly v. Rouse, 178 S. E. 37, 163 Va. 841.] It has the free use of the United States mails. [Sec. 1463 (j), Tit. 12 (U. S. C. A.).] Its funds are public funds. [U. S. v. Kay, 89 Fed. (2d) 19 (2 C. C. A.).] Its bonds, by guaranty, are obligations of the United States. [Sec. 1463 (c), Tit. 12 (U. S. C. A.).] All of its assets are from taxation except real property which is specifically made subject thereto. [Sec. 1463

(c), Tit. 12 (U. S. C. A.).] It was 'authorized for a period of three years after June 13, 1933,' (Sec. 1463 (d), Tit. 12 (U. S. C. A.) ; and shall be liquidated 'when its purposes have been accomplished,' and its funds paid into the Treasury of the United States. [Sec. 1463 (k), Tit. 12 (U. S. C. A.).]

"The Federal Home Loan Bank Board was directed to create the Home Owners' Loan Corporation 'which shall be an instrumentality of the United States' (Sec. 1463 (a), Tit. 12 (U. S. C. A.)), and constitutes the governing Board of the defendant, and is appointed by the President with the advice and consent of the Senate. The Congress has retained and executed control of all its operations. The express act of Congress to expend public funds for public purposes is within its power, and is not limited by 'the direct grants of legislative power found in the Constitution.' [U. S. v. Butler, 287 U. S. 1 at 66.]"

And again in this opinion we find this persuasive language:

"The provision to sue and to be sued must be considered in the light of the power, and function of the HOLC. The Congress has not consented to be liable for the tort of the HOLC, nor consented to be sued for tort. It is well settled that the United States cannot be sued for tort, when committed by its officers or agents in discharge of official duties. [Peabody v. U. S., 231 U. S. 530; Smith v. Reeves, 178 U. S. 436; Belknap v. Scnild, 161 U. S. 17; Occidental Co. v. U. S., 245 Fed. 817; Robertson v. Sichel, 127 U. S. 507.] 'The sovereignty of the United States raises a presumption against its suability,' said Chief Justice TAFT for the Court in Eastern Transportatation Co. v. U. S., 272 U. S. 675 at 681.

"The consent to sue and to be sued, from a consideration of all of the provisions of the act clearly appears, is only in respect to such matters as are within the scope of the corporate power of the HOLC. There is no expression, or inference to be drawn from any of the provisions, that liability for tort was assumed, or consent given, to sue or to be sued for tort. By express language its funds may not be diverted to the payment of such claim, since it is forbidden to incur any expense for administration purposes, except of an annual appropriation by the Congress for that purpose (49 Stat. 1547) ; and the liability for suit cannot be extended beyond the plain language of the statute authorizing it. [Price v. U. S., 174 U. S. 373.] In Pine Hill Coal Co. v. U. S., 259 U. S. 191 at 196, it is said: 'Liability in any case is not to be imposed upon any Government without clear words.'"

The defendant also cites and relies largely upon a case from our Supreme Court, being Bush v. State Highway Commission of Missouri, 46 S. W. (2d) 854. This is a well reasoned case. It specifically holds that the State Highway Commission is a subordinate branch

of the executive department of the State and as such is not liable in tort for the acts of its agents and employees. This case by our Supreme Court is followed by the following recent cases: Broyles v. State Highway Commission (Mo. App.), 48 S. W. (2d) 78; Manley v. State Highway Commission (Mo. App.), 82 S. W. (2d) 619; and State ex rel. Highway Comm. v. James (Mo. App.), 115 S. W. (2d) 225. These cases all hold that the Highway Commission is a branch of the executive department of the State, and that because of such, it is not liable in such suits. Section · 1463 (a), Tit. 12 (U. S. C. A.) provides for the creation of the Home Owners' Loan Corporation "which shall be an instrumentality of the United States." Since this is true, and all its capital stock is owned by the United States, all its employees are engaged by the United States; since its funds are public funds, and it has free use of the mails, and its bonds are obligations of the United States, we are forced to the conclusion that it is as much a subordinate branch of the government of the United States as is the Highway Commission a subordinate branch of the State Government. Since we have reached that conclusion, we. can think of no reason why the sovereign government of the United States should be any different from the sovereign government of the State with reference to its agents, its arms, or its instrumentalities being liable in tort.

It is our conclusion that the trial court erred in not sustaining the plea in abatement or the demurrer to the petition, and that this cause should be reversed outright for this reason. It is so ordered. *Allen, P. J.,* and *Fulbright, J.,* concur.