(No. 2752—)

THE KANSAS FLOUR MILLS CORPORATION, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1941.*

CECIL H. HAAS, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint alleges that claimant, a corporation was engaged in the milling business with its principal office at 1000 New York Life Building, Kansas City, Missouri; that during the first part of March, 1935, the State of Illinois through its State Purchasing Agent, invited the claimant to submit bids on certain purchases to be made by the respondent, said bids to be received until 10:00 A. M. March 19, 1935, by sending to claimant a notice, together with specifications of the articles to be bought, said notice in part stating that the bids for certain institutions including the one at St. Charles, Illinois, would be made net excluding in the price thereof the amount of processing taxes; that pursuant to said invitation to bid, the claimant submitted to the respondent, a certain bid and together with said bid, the claimant sent a letter dated March 15, 1935, to the effect that where prices on wheat flour have been quoted excluding the wheat processing tax, it would be understood that the buyer agrees to furnish seller affidavits required to support claim for refund, and

if such affidavits are not furnished, and/or if the Federal Government refuses to allow refund of the claim, the buyer shall pay the amount of such processing taxes to the seller. The complaint further alleges that on March 20, 1935, the Purchasing Agent for the State advised claimant that it had been awarded items 2, 3 and 9 for the St. Charles School for Boys as set out in its proposal, and also sent the claimant a purchase order dated March 20, 1935 for items of flour. It is contended that these items were duly shipped and received by the State.

The complaint further alleges that a "Monthly Return of Processor of Wheat" was duly made by claimant and filed in the office of the Collector of Internal Revenue of the United States at Kansas City, Missouri, by Valier & Spies Milling Corporation, an affiliated corporation of the claimant herein, in which return were specified certain of the items listed in the purchase order made by the State of Illinois; that an exemption was asked from the payment of the tax on the ground that the St. Charles School for Boys was a charitable institution; that on or about September 10, 1935, the Internal Revenue Bureau of the Treasury Department of the United States notified said Valier & Spies Milling Corporation that said claim for credit of said taxes had been rejected on the ground that the St. Charles School for Boys was not a charitable institution within the meaning of the law.

It is charged in the complaint that Valier & Spies milling Corporation is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and that it and the claimant herein are affiliated subsidiary corporations wholly owned by the Flour Mills of America, Inc., a Maryland corporation; that the items which the State bought were processed by Valier & Spies Milling Corporation, and that any liability accruing because of said processing taxes was and is that of the claimant herein.

Counsel for the State has made a motion to dismiss this claim.

The Agricultural Adjustment Act was held to be unconstitutional by the Supreme Court of the United States, in the case of *U. S.* vs. *Butler,* 287 U. S. 1.

Later on the United States Supreme Court in the case of *Anniston Mfg. Co.* vs. *Davis,* 301 U. S. 337, held that where

the processor has not passed the tax on to the consumer he may, under Sections 901 to 917 of Title VII of the Revenue Act of 1936 recover the taxes from the Federal government, and if the commission refuses a refund under the above sections the processor may prosecute his claim in the United States Court of Claims.

In the case of *McCampbell Co.* vs. *State,* 10 C. C. R. 42, this court held that where the processor has not passed the tax on to the consumer he may under the Federal law, recover the tax from the Federal Government, and if the Commissioner refuses a refund, the processor may prosecute his claim in the United States Court of Claims, and we held in that case that inasmuch as the tax was not passed on to the consumer, the claimant had an adequate remedy in presenting its claim to the Federal Government.

For the same reason, an award in this case will be denied and the motion to dismiss sustained.