THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


May 7, 1957

Honorable Crawford C. Martin,
Chairman, Senate Committee on
    Legislative, Congressional and
    Judicial Districts,
Capitol Station,
Austin, Texas

Opinion No. WW-118.

Re: Validity of House Bill 229
of the 55th Legislature.

Dear Senator Martin:

You have requested our opinion on the validity of House
Bill 229 of the 55th Legislature. You stated in your request:

"I am sending you a copy of House Bill 229
with Committee Amendment #1. You will note that
Committee Amendment #1 seeks to provide that the
two Congressmen from Harris County will be elected
at large from the eighth and twenty-second Congres-
sional Districts, which districts shall compose Harris
County.

"A question has been raised as to whether or
not it is necessary that the county be divided into two
Congressional Districts or can it be done in this
fashion.

"We would appreciate your advising as to
whether or not a congressional redistricting bill
authorizing two Congressmen from Harris County,
both to be elected at large over the County, violates
any provision of the Federal or State Constitution or
Statutes.

"This same question is relevant in reference
to Senate Bill 69 which is currently pending in the
Committee.

"We would appreciate your advice on this
subject at the earliest possible time."

House Bill 229 is a bill to apportion the State of Texas into congressional districts and provide for the election of a member of the Congress of the United States from each district. The bill contains only one subject, and the caption properly informs members of the Legislature and everyone concerned with House Bill 229 of the matters contained in the body of the bill. Therefore, there is no constitutional objection to the form of House Bill 229.

Under the provisions of House Bill 229 as amended by the adoption of Committee Amendment No. 1, the Eighth and Twenty-second Congressional Districts will be composed of Harris County if the provisions of House Bill 229 are enacted into law.

Section 2 of the 14th Amendment to the Constitution of the United States provides in part:

"Representatives shall be apportioned among the several states according to their respective numbers..."

While Congress at one time required states to apportion its congressional districts into contiguous and compact territories containing as nearly as practical, an equal number of inhabitants /2 U.S.C.A., § 3, 37 Stat. 14 - Smiley v. Holm, 285 U.S. 355, (1932); Wood v. Bloom, 287 U.S. 1, (1932); Watts v. O'Connell, 247 S.W. 2d 531 (Kentucky, 1952)7, Congress has now provided:

"Until a State is redistricted in the manner provided by the law thereof after any apportionment, the Representatives to which such State is entitled under such apportionment shall be elected in the following manner: (1) If there is no change in the number of Representatives, they shall be elected from the districts then prescribed by the law of such State, and if any of them are elected from the State at large they shall continue to be so elected; (2) if there is an increase in the number of Representatives, such additional Representative or Representatives shall be elected from the State at large and the other Representatives from the districts then prescribed by the law of such State; (3) if there is a decrease in the number of Representatives but the number of districts in such State is equal to such decreased number of Representatives, they shall be elected from the districts then prescribed by the law of such State; (4) if there is a decrease in the number of Representatives but the number of districts in such

> State is less than such number of Representatives,
> the number of Representatives by which such number
> of districts is exceeded shall be elected from the
> State at large and the other Representatives from the
> districts then prescribed by the law of such State; or
> (5) if there is a decrease in the number of Represen-
> tatives and the number of districts in such State
> exceeds such decreased number of Representatives,
> they shall be elected from the State at large." 2 U.S.C.A.
> § 2a, subdivision (c).

Under the Federal Constitution and Acts of Congress, it is left up to the individual states to redistrict the state into congressional districts, and Congress has provided that additional Representatives allocated to the state under congressional reapportionment must be elected by the state at large until a new districting statute dividing the state into a number of congressional districts allocated by the reapportionment has been enacted by the state. Koenig v. Flynn, 285 U.S. 375, (1932). We know of no provision, either in the State or Federal Constitutions or Acts of Congress which requires congressional districts to be composed of contiguous territories containing an equal number of inhabitants. Therefore, it is our opinion that the Legislature has the power to provide that Harris County shall elect two members of Congress rather than dividing Harris County by metes and bounds into two congressional districts.

In view of the foregoing, it is our opinion that the provisions of House Bill 229, of the 55th Legislature as submitted are constitutional and valid.

However, we should point out that Congress is the judge of its own membership, and we are informed that there has not been an arrangement resembling this type of apportionment of a state into congressional districts for over one hundred years. Therefore, this method may be questioned in Congress.

## SUMMARY

The provisions of House Bill 229 of the
55th Legislature, redistricting the State into
congressional districts wherein the eighth and

twenty-second congressional districts will
be composed of Harris County if enacted
into law, is constitutional as submitted.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:pf

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

J. C. Davis, Jr.

Jas. H. Rogers

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn