**Otis W. SHIVER, Appellant,**

v.

**R. A. GRAY, Secretary of the State of Florida et al., Appellees.**

No. 17928.

United States Court of Appeals Fifth Circuit.

March 24, 1960.

Richard H. M. Swann, Holladay & Swann, Miami, Fla., for appellant.

Joseph C. Jacobs, Asst. Atty. Gen., Darrey A. Davis, County Atty., Miami, Fla., John U. Lloyd, County Atty., Fort Lauderdale, Fla., Richard W. Ervin, Atty. Gen., Paul E. Sawyer, Key West, Fla., for appellees.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Brought under the Federal Civil Rights Act of 1871, as amended, 42 U.S.C.A. § 1983 et seq., by a citizen of Florida against other citizens of Florida, to wit, the Secretary of State and three supervisors of registration of their respective counties, the latter as representatives of the class of 67 supervisors of registration of the state, upon allegations of unconstitutionality under Article 14, Section 1 of the United States Constitution, the suit sought a declaration of the invalidity of the Florida 1945 Legislative redistricting act "due to the gross inequality in the population in the Legislative districts of the State." The prayer was that the court take jurisdiction; that a special three-judge court be called to hear and determine this action, as provided in 28 U.S.C., § 2281; and that it be declared:

(1) That, by the present legislative apportionment, the State of Florida has deprived and continues to deprive the plaintiff of liberty and property without due process of law, and has denied and continues to deny the plaintiff equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States;

(2) That the Constitution of the State of Florida, Article VII, Sections 2 and 3, F.S.A. and Chapter 10, Florida Statutes, F.S.A., are void and invalid as being contrary to the Fourteenth Amendment of the Constitution of the United States;

(3) That the right of the plaintiff to vote as guaranteed by Article VI, Sections 1 and 9, of the Constitution of the State of Florida, has been impaired; and

(4) That it grant such other and further relief as the court may deem equitable and proper.

The defendants moved to dismiss on the ground, among others, that plaintiff seeks to pose a political issue arising from the geographical distribution of electoral strength among the political subdivisions of the state of Florida; and that this the federal courts have consistently refused to do.

The district judge ordered:

"That the several motions to dismiss the complaint, filed herein by defendants, Claude R. Brown, W. B. Freeman, R. A. Gray, and E. L. Gates, be, and the same hereby are, granted and the amended complaint in this cause hereby is dismissed for want of a substantial federal question of law without prejudice to any right the plaintiff may have to bring an appropriate action in the courts of the state of Florida for the relief prayed for in the amended complaint in this cause."

and plaintiff has appealed.

Here, with a lengthy brief, arguing the question presented as though it were still an open one, plaintiff insists that the judgment was wrong and must be reversed.

The defendants, citing many cases in support of their claim that the so-called constitutional question sought to be raised has been many times determined to be without substance, insist that the district judge's action was right and must be affirmed.

We find ourselves in complete agreement with this view. The judgment is affirmed. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323; Wood v. Broom, 287 U.S. 1, 53 S.Ct. 1, 77 L.Ed. 131; Colegrove v. Green, 328 U.S. 549, 66 S.Ct. 1198, 90 L.Ed. 1432; MacDougall v. Green, 335 U.S. 281, 69 S.Ct. 1, 93 L.Ed. 3; South v. Peters, 339 U.S. 276, 70 S.Ct. 641, 94 L.Ed. 834; Remmey v. Smith, 342 U.S. 916, 72 S.Ct. 368, 96 L.Ed. 685; Kidd v. McCanless, 352 U.S. 920, 77 S.Ct. 223, 1 L.Ed.2d 157; Radford v. Gary, 352 U.S. 991, 77 S.Ct. 559, 1 L.Ed.2d 540.