Frances CLARK et al., Plaintiffs,

v.

Henry CARTER, Secretary of State, etc., et al., Defendants.

No. 215.

United States District Court
E. D. Kentucky,
Frankfort.

June 20, 1963.

Chancellor & Chancellor, Frankfort, Ky., for plaintiffs.

John B. Breckinridge, Atty. Gen., Robert T. Caldwell, Asst. Atty. Gen., Frankfort, Ky., for defendant Henry Carter.

Hazelrigg & Cox, Frankfort, Ky., Harris W. Coleman, Louisville, Ky., Ben B. Fowler, Frankfort, Ky., for intervenors.

Before MILLER, Circuit Judge, SHELBOURNE, District Judge, and FORD, Senior District Judge.

H. CHURCH FORD, Senior District Judge.

Pursuant to the Act of Congress of June 18, 1929, 46 Stat. 21–27 as amended by the Act of November 15, 1941, 55 Stat. 761, 2 U.S.C.A. § 2a, the number of representatives in the House of Congress to which the State of Kentucky was entitled under the decennial census of 1960 was reduced from eight to seven.

In providing for subsequent reapportionments, the above Acts of 1929 and 1941 omitted the previous legislative requirements as to compactness, contiguity and equality of population. It was manifestly the intention of the Congress not to reenact such provisions with respect to the districts to be thereafter created. Wood v. Broom, 287 U.S. 1, 6, 53 S.Ct. 1, 77 L.Ed. 131.

At its regular 1962 session, by an Act usually referred to as House Bill 443, approved March 12, 1962, the General Assembly of Kentucky redivided the State into seven Congressional Districts, each composed of the following named counties:

"(1) First District: Allen, Ballard, Butler, Caldwell, Calloway, Carlisle, Christian, Crittenden, Fulton, Graves, Hickman, Livingston, Logan, Lyon, McCracken, Marshall, Muhlenburg, Simpson, Todd, Trigg.

"(2) Second District: Barren, Breckenridge, Daviess, Edmonson, Grayson, Hancock, Hart, Henderson, Hopkins, McLean, Meade, Metcalfe, Ohio, Union, Warren, Webster.

"(3) Third District: Jefferson.

"(4) Fourth District: Anderson, Boone, Bullitt, Campbell, Carroll, Gallatin, Green, Hardin, Kenton, LaRue, Marion, Mercer, Nelson, Oldham, Shelby, Spencer, Taylor, Trimble, Washington.

"(5) Fifth District: Adair, Bell, Casey, Clay, Clinton, Cumberland,

Estill, Harlan, Jackson, Knox, Laurel, Leslie, McCreary, Monroe, Owsley, Pulaski, Rockcastle, Russell, Wayne, Whitley.

"(6) Sixth District: Bourbon, Boyle, Bracken, Clark, Fayette, Franklin, Garrard, Grant, Harrison, Henry, Jessamine, Lincoln, Madison, Montgomery, Nicholas, Owen, Pendleton, Powell, Robertson, Scott, Woodford.

"(7) Seventh District: Bath, Boyd, Breathitt, Carter, Elliott, Fleming, Floyd, Greenup, Johnson, Knott, Lawrence, Lee, Letcher, Lewis, Magoffin, Martin, Mason, Menifee, Morgan, Perry, Pike, Rowan, Wolfe."

(1962 Acts of the General Assembly of the Commonwealth of Kentucky, chapter 98, pages 379–380).

The following table sets out the number of counties embraced in each Congressional District and the population of each District according to the 1960 decennial census:

| "DISTRICT | NUMBER OF COUNTIES | POPULATION 1960 |
|---|---|---|
| FIRST | 20 | 350,839 |
| SECOND | 16 | 357,628 |
| THIRD | 1 (Jefferson) | 610,947 |
| FOURTH | 19 | 478,783 |
| FIFTH | 20 | 365,140 |
| SIXTH | 21 | 411,545 |
| SEVENTH | 23 | 463,275" |

The first question as to the validity of the above Congressional Redistricting Act was raised by an action for Declaratory Judgment filed in the Franklin County, Kentucky, Circuit Court in which the Circuit Court adjudged the Act to be valid and not in contravention of either the Federal or State Constitution. The judgment of the Franklin Circuit Court was affirmed by the Court of Appeals of Kentucky on March 25, 1962, in Watts v. Carter, Ky., 355 S.W.2d 657, 658, and in the course of the opinion written by Judge Palmore, speaking for a unanimous court, it is said:

"In this case our most serious concern centers on the situation of the Third District, with a population of 610,947 as against 463,275 in the next most populous district, the Seventh, and 350,839 in the least populous, the First. Considering, however, the special problems and disadvantages inherent in splitting up a single densely-populated county and grafting a slice of it onto another and dissimilar district, we are unable to say that the solution chosen by the legislature was clearly arbitrary and unreasonable.

"With respect to the Fourth District, we find no constitutional violation in the combination of urban with rural counties. Since Boone, Campbell and Kenton Counties did not have an aggregate population sufficient to qualify as a district to themselves it was unavoidable that they be joined with a number of rural counties anyway, so it was simply a question of which ones, and that was a matter of legislative choice and prerogative. As to the shape of the new district, compactness was formerly, but is no longer, a statutory requirement imposed by Congress. See Watts v. O'Connell, supra, and authorities there cited. We cannot hold that the legislative discretion in this regard is limited by considerations purely esthetic."

On August 18, 1962, this action was filed by Frances Clark, Donald Moore and Helen Moore, citizens and qualified voters of Jefferson County, Ky., of the designated Third Congressional District

which embraces the city of Louisville, and by Edward Cox, Melvin Cox and Mrs. Thomas Neville, citizens and qualified voters of the above mentioned Fourth Congressional District, suing on behalf of themselves and all qualified voters of their respective counties and Congressional districts as well as all voters of the Commonwealth of Kentucky similarly situated.

Plaintiffs in their complaint allege:

" * * * that they and others similarly situated are denied the equal protection of the laws accorded to them by the Fourteenth Amendment to the Constitution of the United States of America in the division of the Commonwealth of Kentucky into Seven Congressional Districts as set out in said House Bill 443, in that the redistricting follows no rational plan or program and constitutes arbitrary and capricious State action offensive to the Fourteenth Amendment in its irrational disregard of any equality of apportionment and disfavors plaintiffs and other voters similarly situated, placing them in a position of Constitutionally unjustified inequality with voters in irrationally favored counties and has thereby debased the votes of these plaintiffs and others similarly situated by placing plaintiffs Frances Clark, Donald Moore and Helen Moore, and those similarly situated to them, in a district from which one Representative in Congress is to be elected from a population of 610,947 persons, and by placing Edward Cox, Melvin Cox, and Mrs. Thomas Neville, and those similarly situated to them in a district from which one Representative in Congress is to be elected from a population of 478,733 persons, while citizens and voters in other various counties of the Commonwealth of Kentucky have been placed in districts from which one Representative in Congress is to be elected from a population of as few as 350,-839 persons."

Injunctive relief restraining the enforcement, operation and execution of the State Statute by State officers is sought by Plaintiffs on the ground of the unconstitutionality of such statutes, and the jurisdiction of this Three-Judge District Court is provided by 28 U.S.C.A. § 2281.

The grounds upon which plaintiffs seek relief are that the division of the State into seven districts as above set out is arbitrary and capricious action in disregard of any equality of apportionment, in violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

After defendants' motion to dismiss was overruled by the Court, no proof was presented but the parties entered into and filed in the record their stipulation submitting the case for final judgment upon the pleadings, exhibits and stipulations.

■ It is a familiar rule that the burden of establishing the unconstitutionality of a statute rests upon him who assails it. Metropolitan Casualty Insurance Co. of N. Y. v. Brownell, 294 U.S. 580, 584, 55 S.Ct. 538, 79 L.Ed. 1070.

■ That the Equal Protection Clause of the Constitution does not deny a State, in the establishment of Congressional Districts, the power to assure a proper diffusion of political initiative as between its thinly populated counties and those having concentrated masses seems so thoroughly established by the decisions of the Supreme Court as to be no longer open to dispute.

In MacDougall et al. v. Green, 335 U.S. 281, 283–284, 69 S.Ct. 1, 2, 93 L.Ed. 3, the Court said:

" * * * To assume that political power is a function exclusively of numbers is to disregard the practicalities of government. Thus, the Constitution protects the interests of the smaller against the greater by giving in the Senate entirely unequal representation to populations. It would be strange indeed, and doctrinaire, for this Court, applying

such broad constitutional concepts as due process and equal protection of the laws, to deny a State the power to assure a proper diffusion of political initiative as between its thinly populated counties and those having concentrated masses, in view of the fact that the latter have practical opportunities for exerting their political weight at the polls not available to the former. The constitution—a practical instrument of government—makes no such demands on the States."

In McGowan v. Maryland, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1104–1105, 6 L.Ed.2d 393, in referring to the question as to whether under the circumstances of that case charging that certain provisions of the State Statute were arbitrary and capricious, the Court said:

"The standards under which this proposition is to be evaluated have been set forth many times by this Court. Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. *A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to jusify it.*" (Emphasis added.)

This is apparently one of the numerous cases which have followed in the wake of the historic opinion of the Supreme Court in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, upon which the plaintiffs rely.

The interesting discussion in the Baker case, supra, leads to and establishes only that in a case containing the allegations set out in the complaint in this case, the Court has jurisdiction of the subject matter; the complaint presents a justiciable controversy and the plaintiffs have standing to maintain the action.

In the concurring opinion of Mr. Justice Stewart in the Baker case, his comments upon the MacDougall case, supra, and the McGowan case, supra, are followed by his statement that "Today's decision does not turn its back on these settled precedents." (369 U.S. 266, 82 S.Ct. 737, 7 L.Ed.2d 663).

The record discloses the difference between the value of a vote in the Third District, the largest in the State having a population of 610,947, and the First District with a population of 350,839, the smallest in the State, of 1.75 to 1.

■ Since it is clear from the record in this case that the Third District contains the thickly populated city of Louisville, the largest city in the State, and its populous surrounding area, the Fourth District contains the thickly populated cities of Covington and Newport with their suburbs, and the other districts contain many thinly populated rural areas, in view of the slight difference in respect to the value of individual votes in the largest district as compared with the smallest district, it seems quite apparent that the enactment of House Bill No. 443 was the result of legislative consideration as to the proper diffusion of political initiative as between the thinly populated districts and those having concentrated masses in view of the fact that the latter have practical opportunities for asserting their political weight not available to the former.

Upon consideration of the pleadings, exhibits and stipulations upon which this case is submitted for final judgment, we are of the opinion that, in the light of the authorities hereinabove referred to, the action of the legislature of Kentucky in making the division of the State into the seven Congressional Districts hereinabove set out, is not shown to be arbitrary or capricious and is not unrelated to the achievement of the State's lawful objectives.

For the reasons indicated, we are of the opinion that the action of the Legislature here in question did not violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States; that the complaint is without merit and should be dismissed.