**COOK v. FORTSON, Secretary of State of Georgia, et al.**

No. 3012.

District Court, N. D. Georgia, Atlanta Division.

Aug. 26, 1946.

Smith, Partridge, Field & Doremus, of Atlanta, Ga., for plaintiff.

Eugene Cook, Atty. Gen., John A. Dunaway, of Atlanta, Ga., Victor Davidson, Asst. Atty. Gen., and Walter McElreath and William G. Grant, both of Atlanta, Ga., for defendants.

Before SIBLEY, Circuit Judge, and STRUM and SCARLETT, District Judges.

PER CURIAM.

The plaintiff, suing in behalf of himself and others similarly situated, avers that he is a Democrat qualified to vote in the general election to be held Nov. 5, 1946, and is pledged to vote for the Democratic nominees therein; a Democratic primary election was held July 17, 1946, to nominate a candidate for the House of Representatives of the United States for the Fifth District of Georgia embracing the Counties of Fulton, DeKalb, and Rockdale; in the election 104,554 votes were cast, 53,882 for one candidate, 43,163 for another, and 7,510 for a third; although the first candidate obtained a majority of all the votes, the second candidate was by the Fifth District Congressional Committee certified to the State Democratic Executive Committee as the nominee because that candidate had received a plurality of the votes in DeKalb County and in Rockdale County, while the other candidate had carried only Fulton County, which had a greater population and cast more votes than the other two counties combined; this certification was based on a rule of the State Executive Committee promulgated to govern the primaries as follows: "Rule VIII. In so far as the primary relates to the nomination of candidates for Congress from the various Congressional Districts, such candidates shall be voted for only in the Counties comprising their respective districts; and the Congressional Democratic Committee of each district shall determine whether the county unit or popular vote plan shall prevail"; and the Fifth Congressional Committee adopted a rule that "the candidate receiving the highest number of popular votes in any given County in said district shall be considered to have carried such County and be entitled to the full vote of such County on the county unit basis, that is to say, two votes for each representative to which such County is entitled in the lower House of the General Assembly." This rule is alleged to have the force and effect of law under the Georgia primary election statutes, Georgia Code of 1933, Sects. 34-3212 to 34-3217, as modified by Acts of 1944, Extra Session, pp. 2 & 4, and operates as a denial by the State of the equal protection of the law to the voters of Fulton County because their votes are severally given only a fraction of the effect given the votes in Rockdale County, which has two unit votes against six each for DeKalb and Fulton Counties, all in violation of the Fourteenth Amendment to the Constitution of the United States. The prayer is that the county unit rule, and the statute permitting its use, be declared unconstitutional and void, and that the rule promulgated by the Fifth District Congressional Committee be declared unconstitutional and void, and that the Executive Committee be enjoined from certifying to the Secretary of State any other nominee than the one who received the majority of the popular votes, and that the Secretary of State be enjoined from placing any other name as Democratic nominee on the general election ballot.

The Secretary of State moved to dismiss the complaint as to him because in effect against the State, and because the State is an indispensable party and cannot be joined without its consent. The other defendants also moved to dismiss because the matter is not of equitable cognizance but relates only to political matters, and that redress, if any is due, must be sought from the political and legislative departments of the State and United States; and because the House of Representatives is the constitutional judge of the election of its members. The answer further set up that voluntary participation in the primary estops the plaintiff from

626

attacking its rules after it was over, and after the date at which candidates were required to qualify as such by Georgia law. It set up, too, that on a contest the Contest Committee of the Democratic Executive Committee had decided that both the leading candidates should be certified to the Secretary of State as the Democratic nominees and this had in fact been done. The answer denied that the State law imposed the county unit rule on congressional primaries, which in this respect were purely party matters. It was alleged that there was confusion as to who rightly constituted the Fifth District Congressional Committee, and this was the reason for deciding that both names should go on the ballot as Democratic nominees; and that an appeal is now awaiting action of the State Democratic Convention in October; and that because of the confusion it is better to leave the matter alone. The Secretary of State has already distributed to the Ordinaries of the counties of the Fifth District to be printed forms of ballots bearing the names of both nominees. The use of the county unit system to give a voice to all parts of the State in the Legislature, and in conventions of the political parties throughout the country, for a long time, is alleged.

### Findings of Facts.

On the hearing the sworn pleadings of each side were offered as affidavits, and they being in no serious conflict the facts above stated are found to be true.

### Conclusions of Law.

We make no final rulings on motions to dismiss, but consider them on the question whether an interlocutory injunction should issue. The petition to intervene filed by Mrs. Helen Douglas Mankin, referred to above as the majority candidate, in which she seeks to get the whole proceedings dismissed, we deny as not being in subordination to the main case.

We think the case is controlled in principle by the decision in Colegrove v. Green, 66 S.Ct. 1198, and that equity should grant no relief, but leave any redress that may be due for the inequalities complained of to the action of the State legislature, or of Congress.[1] We greatly doubt that the county unit rule here complained of can be said to be imposed on a congressional primary by the State at all, so as to bring the Fourteenth Amendment into operation. Ga. Code of 1933, § 34-3217, is expressed that "Nothing in this law shall be construed to provide or require any definite unit of election for candidates for nominations for members of Congress." If the county unit be imposed in Congressional primaries it is by party action, not State action. But at last as matters now stand, the county unit rule is not being applied by anyone. The State Executive Committee has refused to apply it and has certified both candidates, and both are on the ballots which are being printed, and every Democrat is free to vote for his choice, and the popular vote will determine in the general election. The plaintiff and those he represents will get exactly what they claim they should have. The double certification is in effect a cancellation of the primary, as respects these two candidates. We cannot speculate on what the State Convention may do in October. At present we see nothing that ought to be enjoined, even if that remedy be available in such a case as this.

This cause on August 16, 1946, came on for a hearing for an interlocutory injunction before a court of three judges as by statute provided, 28 U.S.C.A. § 380, composed of Hon. FRANK M. SCARLETT, District Judge duly designated to hold court in the Northern District of Georgia, and Hon. SAMUEL H. SIBLEY, Circuit Judge, and Hon. LOUIE W. STRUM, District Judge for the Southern District of Florida, who were called to assist.

After hearing evidence and argument and taking time to consider, upon the Findings of Fact and Conclusions of Law filed herewith It Is Ordered and Adjudged

That the petition of Mrs. Helen Douglas Mankin to intervene and dismiss the cause be denied;

That an interlocutory injunction be denied.

[1] Congress may have the final say under Constitution Art. 1, Sec. 4.