No. 531.   COOK v. FORTSON, SECRETARY OF STATE, ET AL.; and

No. 532.   TURMAN ET AL. v. DUCKWORTH, CHAIRMAN OF THE GEORGIA STATE DEMOCRATIC EXECUTIVE COMMITTEE, ET AL.

October 28, 1946.   *Per Curiam:* The appeals are dismissed and the District Court is directed to dismiss the bill in each case.   See *United States* v. *Anchor Coal Co.,* 279 U. S. 812. MR. JUSTICE BLACK and MR. JUSTICE MURPHY are of the opinion that probable jurisdiction should be noted.   MR. JUSTICE RUTLEDGE is of the opinion that the question of jurisdiction should be postponed to the hearing of the cases on the merits and has set forth his views in an opinion (*infra*) which he has filed.   *Alex. W. Smith* and *Croom Partridge* for appellant in No. 531.   *Charles S. Reid, W. D. Thomson, Marshall L. Allison* and *John L. Tye* for appellants in No. 532.   *Eugene Cook,* Attorney General of Georgia, *Victor Davidson, C. E. Gregory, Jr.,* Assistant Attorneys General, *John A. Dunaway, Walter McElreath, Samuel D. Hewlett* and *B. D. Murphy* for appellees. Reported below: 68 F. Supp. 624, 744.

MR. JUSTICE RUTLEDGE.

These appeals seek to invalidate Georgia's county unit system for selecting candidates for election to public office. No. 531 relates to the office of Representative in Congress, No. 532 to that of Governor.   In each instance the basic substantive claim is that the system operates to deprive the appellants and other voters of the equal protection of the laws in respect to their rights of suffrage, contrary to

the provisions of the Fourteenth Amendment. Presented also are important questions of jurisdiction and of discretion in exercising it.[1] Both declaratory relief and injunctive relief in various forms were sought.

The District Court in each case denied applications for interlocutory injunctions. At the same time it formally declined to pass finally upon motions to dismiss the causes, although stating "We consider them, however, on the general question of the grant of interlocutory relief."[2] The court then went on to deny the applications upon grounds which, if sustained, would conclude the entire controversy in each case in all but formal entry of an order for dismissal.[3] The principal ground of decision in both cases was reliance upon *Colegrove* v. *Green*, 328 U. S. 549, decided June 10, 1946, rehearing denied this day, 329 U. S. 825, as precluding equitable relief. In No. 532 it was said this was required "whether it be that the subject matter is not of equitable cognizance, or merely that equity should withhold its hand."

In each case, however, the court refused to rest on this ground alone. In No. 531 it went on to rule, apparently, that the county unit system is imposed by party action, not by state action; and that the system was not being

---

[1] The jurisdiction of this Court is invoked under §§ 238 and 266 of the Judicial Code as amended, 28 U. S. C. §§ 345, 380. In No. 532 it is not questioned that the attack is upon the validity of a state statute. In No. 531 one ground of appellee's motion to dismiss the appeal is that the appellant's suit attacks, not a state statute, but the rules and action of a political party. Cf. *Ex parte Collins*, 277 U. S. 565, 569.

The two decisions were rendered by three-judge District Courts, constituted identically, pursuant to § 266 of the Judicial Code.

[2] The quoted language is from the opinion in No. 532. A similar statement appears in the opinion in No. 531.

[3] In view of this fact an affirmance of the judgments here would preclude the District Court from taking any other action than to dismiss the causes, upon their being remanded to it.

applied in fact, since the state executive committee prior to the decisions had certified both candidates, subject to later action by the party's state convention. In No. 532 "in order that all questions may be ripe for consideration in the Appellate Court, if necessary," the opinion further stated that "on the ultimate merits we do not think the State of Georgia has been shown to have deprived the plaintiffs of the equal protection of the laws." The decisions come here therefore not only as somewhat dubious rulings upon strictly jurisdictional matters but as decisive and conclusive adjudications upon the merits.

It may be that the orders now in appeal have become moot in part because actions in execution of the challenged Georgia laws which appellants sought to have restrained have now taken place.[4] But in No. 532 in one respect at least injunctive relief prayed for still could be given, if appellants should be found, on hearing, entitled to have it.[5] And in each case declaratory relief, appropriate in many instances where aid by way of injunction cannot be afforded,[6] is sought.

Obviously the appeals present questions related closely to the issues in *Colegrove* v. *Green,* but in my opinion not

---

[4] Thus, in No. 532, party officials have certified the results of the primary elections to the Secretary of State and he in turn has sent out the forms for ballots to county ordinaries on the basis of those certifications. The applications sought to restrain these acts.

[5] By amendment, to avoid the effect of the actions taken as set forth in note 4, appellant sought to restrain the Secretary of State from certifying the returns from the general election to the General Assembly.

[6] It was to avoid the limitations resulting from the fact that injunctive or other immediately effective equitable relief could not be given that relief by way of declaratory judgment was authorized by Congress. This Court has not yet determined that declaratory relief cannot be given beyond the boundaries fixed by the preexisting jurisdiction in equity, compare *Nashville, C. & St. L. R. Co.* v. *Wallace,* 288 U. S. 249, 262, with *Giles* v. *Harris,* 189 U. S. 475, 486, although three

necessarily determined by that decision. A majority of the justices participating refused to find that there was a want of jurisdiction, but at the same time a majority, differently composed, concluded that the relief sought should be denied.[7] I was of the opinion that, in the particular circumstances, this should be done as a matter of discretion, for the reasons stated in a concurring opinion. 328 U. S. 549, 564. Those reasons would be pertinent to a consideration of the present appeals, though not necessarily controlling in relation to the somewhat different facts and issues they involve.[8] The issues, whether of jurisdiction, of discretion in exercising it,[9] or of substantive right, are obviously important. In my judgment they have not been conclusively adjudicated by prior decisions of this Court. I therefore think they should not be determined without full hearing and consideration after argument here, more especially in view of the breadth and character of the rulings made in the District Court's decisions. Accordingly I think we should postpone determination of any jurisdictional issues until consideration of the merits and place the appeals upon the calendar for argument. I also think that if these appeals were to be so

members of the Court announced their view apparently to that effect in *Colegrove* v. *Green*, 328 U. S. 549, 551–552. The outer boundaries of jurisdiction under the declaratory procedure remain largely undetermined. Cf. Judicial Code § 274d, 28 U. S. C. § 400; Borchard, Declaratory Judgments (2d ed. 1941) 365–367, 766–788, 868–874.

[7] Three of the justices so ruling thought the relief should be denied for want of jurisdiction. 328 U. S. 549, 550, opinion of MR. JUSTICE FRANKFURTER.

[8] The discretionary exercise or nonexercise of equitable or declaratory judgment jurisdiction, see *Great Lakes Dredge & Dock Co.* v. *Huffman*, 319 U. S. 293, 300; *Di Giovanni* v. *Camden Fire Ins. Assn.*, 296 U. S. 64, 70, in one case is not precedent in another case where the facts differ. *Hale* v. *Allinson*, 188 U. S. 56, 77–78, quoted in *Di Giovanni* v. *Camden Fire Ins. Assn., supra,* at 71.

[9] See note 3.

treated, the petition for rehearing which has been filed in *Colegrove* v. *Green* should be granted and that case should be set for argument with them.