**MacDOUGALL et al. v. GREEN et al.**

No. 48 C. 1406.

United States District Court
N. D. Illinois, E. D.

Sept. 1, 1948.

H. B. Ritman, Richard F. Watt, Edmund Hatfield, Milton T. Raynor, and Bernard Weissbourd, all of Chicago, Ill., for plaintiff.

George F. Barrett, Atty. Gen., of Illinois, and V. W. McIntire, of Danville, Ill., for defendant Board of Election Commissioners of Danville.

Ross E. Millett, of Sycamore, Ill., for defendant County Clerk of DeKalb County.

Leon M. Despres, of Chicago, Ill., for Civil Liberties Union, amicus curiae.

Before KERNER, Circuit Judge, and SULLIVAN and IGOE, District Judges.

PER CURIAM.

This cause coming on to be heard on the plaintiffs' verified complaint as amended and motion for an interlocutory injunction, and the Court having heard argument of counsel and having considered the briefs of the parties and of amicus curiae and being fully advised in the premises, does make and adopt the following findings of fact and conclusions of law:

### Findings of Fact.

1. This is an action of a civil nature brought under § 2201 of the Declaratory Judgment Act, c. 151, 28 U.S.C.A., effective September 1, 1948.

2. The individual defendants are citizens and residents of the State of Illinois; they claim to be candidates of a new political party known as "The Progressive Party" for United States senator from the State of Illinois, Electors for president and vice president of the United States from the State of Illinois and for certain public offices of the State of Illinois; they seek the entry of an interlocutory injunction that the defendants Dwight H. Green, Arthur C. Lueder and Edward J. Barrett, Governor, Auditor of Public Accounts, and Secretary of State of Illinois, respectively, be directed to certify to the respective county clerks of the State of Illinois, as the candidates of The Progressive Party, the names of the persons named in the complaint.

3. That on August 16, 1948, a declaration of intention to form a new State wide political party and a petition to nominate candidates for that party was filed by and on behalf of The Progressive Party pursuant to the provisions of Article 10 of the Illinois Election Code; said nominating petition, together with the statements of candidacy of the individual candidates, was presented to the Governor, the Auditor of Public Accounts, and the Secretary of State for the State of Illinois for endorsement and filed in the office of Secretary of State as required by law; that on August 21, 1948, certain legal voters of the State of Illinois filed objections to said nominating petition and thereafter on August 26, 1948 the State Officers Electoral Board, the body provided for by law to hear and pass upon objections to nominating petitions filed pursuant to Article 10 of the Illinois Election Code, convened in the Capitol Building in Springfield, Illinois. The objectors and The Progressive Party and the members thereof appeared before the Board. No objection was made to the qualifications of the members thereof or that the Electoral Board did not have jurisdiction of the parties, of the proceedings, and of the subject matter.

4. Said Board received evidence and heard arguments on behalf of the parties interested from August 26, 1948, to August 31, 1948, and on August 31 found as a fact "That the nominating petition filed on behalf of the said candidates of The Progressive Party does not include the signatures of 200 qualified voters from each of at least

50 counties within this State as required by statute for the nomination of said candidates for such public office, and is therefor insufficient in law as a nominating petition," and that the purported petition was not sufficient in law to entitle the said candidates' names to appear on the ballot for use at November 2, 1948, general election.

### Conclusions of Law

1. The provisions of § 2 of Article 10, § 10—2, c. 46, Ill.Rev.Stat. 1947, requiring for a valid nominating petition at least two hundred signatures of qualified voters from each of at least fifty counties is not repugnant to, nor in violation of any provision of the Constitution of the United States, nor does it contravene § 18, Article II of the Constitution of Illinois.

2. This Court is without jurisdiction to examine or inquire into the decision of the Illinois State Officers' Electoral Board of August 31, 1948, and to hold that the Board's decision is null and void.

3. The motion for the interlocutory injunction will be denied.