No. 371. SHUB *v.* SIMPSON, SECRETARY OF STATE OF MARYLAND. 

No. 372. SIMPSON, SECRETARY OF STATE OF MARYLAND, *v.* GERENDE. 

 *I. Duke Avnet* for appellant in No. 371. *Hall Hammond,* Attorney General of Maryland, *J. Edgar Harvey,* Deputy Attorney General, and *Harrison L. Winter,* Assistant Attorney General, for petitioner in No. 372 and appellee in No. 371. Reported below: —— Md. ——, 75 A. 2d 842.

No. 371 is a motion to advance and expedite the hearing of an appeal from a decision of the Court of Appeals of the State of Maryland affirming the denial of a petition for writ of mandamus.

Appellant, petitioner below, was nominated by the Progressive Party for Governor of Maryland at a convention held on August 7, 1950. On August 18, nine days before the last date permitted by law, he tendered a certificate of nomination to the Secretary of State, a prerequisite to appearing on the ballot for the election on November 7. On the same day, August 18, the tender was rejected for failure to file an affidavit required by the Maryland Subversive Activities Act of 1949, Md. Laws 1949, c. 96, § 1, par. 15. On September 14, petitioner obtained from the Circuit Court of Anne Arundel County an order to show cause why a writ of mandamus should not be issued to compel the Secretary of State to accept the certificate. The Secretary, on September 27, demurred to the petition; and on October 9, after a hearing, the court sustained the demurrer and dismissed the petition. On appeal to the Maryland Court of Appeals argument was heard on October 12. That court entered a *per curiam* order, two judges dissenting, the same day, affirming the judgment

against the petitioner and, obviously deeming an exposition of the statute necessary, stated that an opinion would thereafter be filed. On October 18 petitioner filed an appeal from this order. In this situation the motion to advance and expedite is denied.

No. 372 is a petition for writ of certiorari from the same order of the Court of Appeals insofar as it reversed the dismissal by the Circuit Court of the petition for writ of mandamus brought by a Progressive Party nominee for the United States House of Representatives. The petition is denied.

THE CHIEF JUSTICE, MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS, dissenting in No. 371.

The order denying the motion to advance and expedite No. 371 in all probability deprives this appellant of an opportunity to have a final decision on the grave constitutional questions which he presents. This means that before the Court can consider the case in the course of ordinary procedure, the election in which he desires to run for Governor will undoubtedly have been held and the controversy thus rendered moot. We cannot agree to deny appellant a hearing in this manner.

The nature of typical election laws is such that only a limited time is available for judicial review. This fact has presented difficulties in this Court before, see *Colegrove* v. *Green,* 328 U. S. 549, 565; *MacDougall* v. *Green,* 335 U. S. 281, 285; *Cook* v. *Fortson, Turman* v. *Duckworth,* 329 U. S. 675, 677, and generally advancement has had to be requested in cases of this nature. *MacDougall* v. *Green, supra; Cook* v. *Fortson, Turman* v. *Duckworth, supra; South* v. *Peters,* 339 U. S. 276. Where, as here, a justiciable controversy and substantial federal questions co-exist, the Court can and should advance a determination of the case. There is no showing of lack of diligence

on appellant's part. Under the present circumstances the absence of an opinion by the Maryland Court of Appeals is no reason for refusing consideration here. Whatever the Maryland court may later say, appellant has been deprived of his opportunity to become a candidate in the election.