David L. MATTHEWS and Mary Ann
Matthews, Plaintiffs

v.

Harold W. HANDLEY, Governor of the
State of Indiana, et al., Defendants.

Civ. No. 2540.

United States District Court
N. D. Indiana,
South Bend Division.

June 13, 1959.

David L. Matthews, pro se; Louis
Anderson, Robert K. Rodibaugh, Harry
Heppenheimer, Edward V. Minczeski,
South Bend, Ind., for plaintiffs.

Edwin K. Steers, Atty. Gen., State of
Indiana, for State defendants and Gerald
Kamm, for Wm. J. Locks, Sheriff St.
Joseph County.

Before KNOCH, Circuit Judge, and
SWYGERT and GRANT, District
Judges.

GRANT, District Judge.

Plaintiffs herein have filed a petition
praying for a declaratory judgment and
for an injunction.

The petition alleges that this Court
has jurisdiction under the Civil Rights
Act, 42 U.S.C.A. § 1981 et seq., and al-
leges a violation of Federal and State
constitutional rights. Plaintiffs further
allege that defendants, as the Governor,
other officials of the Executive Depart-
ment of the State of Indiana, and the
Sheriff of St. Joseph County, Indiana,

are threatening and attempting to collect from plaintiffs a gross income tax for the year 1955. Plaintiffs further allege that as citizens of the State of Indiana they have the right to have the entire membership of the Indiana Legislature reapportioned, as provided in the State Constitution:

> "The General Assembly shall, at its second session after the adoption of this Constitution, and every sixth year thereafter, cause an enumeration to be made of all the male inhabitants over the age of twenty-one years." Const. art. 4, § 4.

The petition alleges that the last reapportionment of the senatorial and representative districts was in 1921, and that in the absence of reapportionment since the year 1927 the subsequent acts of the Legislature are void and any action on the part of the defendants to collect this tax will be in deprivation of plaintiffs' constitutional rights. Plaintiffs pray that the Indiana Gross Income Tax Law of 1933, as amended, Burns' Ann.St. § 64–2601 et seq., be declared unconstitutional and that defendants be restrained from collecting, or attempting to collect the tax from plaintiffs.

Defendants herein have filed a motion to dismiss. Briefs have been filed and oral argument has been heard by this Court.

Historically, since the dawn of Courts of Equity in our Anglo-American system of jurisprudence, it has been held that Courts of Equity will not act in such a circumstance as here when adequate legal remedies exist. Plaintiffs have an adequate legal remedy available. Plaintiffs are asking this Court to concern itself with a purely State political question. The plaintiffs have the power of the ballot to correct any unrealistic apportionment of the State Legislature which might exist.

It is admitted that the Legislature has failed to reapportion the legislative districts as provided in the Indiana Constitution. No attempt is made here to defend this flagrant disregard of the plain, constitutional provision. However, the Federal Government is a body politic of strictly limited powers. The powers which were not specifically delegated to the Federal Government were reserved to the sovereign States of the Union.

We are here concerned with two, distinct, sovereign bodies: the State of Indiana and the United States of America. As stated above, we are here presented with a State political question in which the plaintiffs seek to invoke the Equity jurisdiction of this Federal Court. This Court has no jurisdiction to determine this question as the plaintiffs have adequate remedies at law available to them, and, what is more important, the Federal sovereignty must not and shall not invade this bulwark of State sovereignty. Perry v. Folsom, D.C., 144 F.Supp. 874.

Defendants' Motion to Dismiss is hereby granted.