W.M.C.A., INC.; R. Peter Straus; Joseph De Maio; Edward Lend; S. Thomas Delaney; Edward C. Brown; James J. McCafferty, Plaintiffs,

v.

Caroline K. SIMON, Secretary of State of the State of New York, Louis J. Lefkowitz, Attorney General of the State of New York, Abe Stark, President of the City Council of the City of New York; A. Holly Patterson, Chairman, Board of Supervisors, Nassau County; Owen M. Quinn, Chairman, Board of Supervisors, Westchester County, William J. Leonard, Chairman, Board of Supervisors, Suffolk County, Denis J. Mahon, James Powers, John R. Crews, Thomas Mallee, Commissioners, Board of Elections, New York City, Defendants.

United States District Court
S. D. New York.

July 7, 1961.

Supplemental Opinion July 28, 1961.

Robinson, Silverman, Pearce & Aronsohn and Max Gross, New York City, for plaintiffs; Leonard B. Sand, Washington, D. C., of counsel.

Louis J. Lefkowitz, Atty. Gen., pro se and for Caroline K. Simon, Secretary of State; and Irving Galt, Asst. Sol. Gen., New York City, George C. Mantzoros, Gretchen W. Oberman, Asst. Attys. Gen., of counsel.

Leo A. Larkin, Corp. Counsel of the City of New York, New York City, for defendant Abe Stark, President of City Council and Denis J. Mahon, and others, Commissioners of the Bd. of Elections of the City of New York, Morris Handel, Saul Moskoff, New York City, of counsel.

George W. Percy, Jr., Acting Suffolk County Atty., Riverhead, N. Y., for defendant William J. Leonard, Chairman, Board of Supervisors, Suffolk County, Stanley S. Corwin, Asst. County Atty., Greenport, N. Y., of counsel.

J. Oakey McKnight, County Atty. of Nassau County, Mineola, N. Y., for defendant A. Holly Patterson, Chairman, Bd. of Supervisors, Nassau County; Harold E. Collins, Deputy County Atty., Nassau County, Mineola, N. Y., of counsel.

Harry G. Herman, County Atty. of Westchester County, White Plains, N. Y., for defendant Owen M. Quinn, Chairman, Bd., of Supervisors, Westchester County.

LEVET, District Judge.

Motions have been made by defendants Caroline K. Simon, Secretary of State of the State of New York; Louis J. Lefkowitz, Attorney General of the State of New York; A. Holly Patterson, Chairman, Board of Supervisors, Nassau Coun-

ty, Owen M. Quinn, Chairman, Board of Supervisors, Westchester County, William J. Leonard, Chairman, Board of Supervisors, Suffolk County, to dismiss the complaint in this action under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds that (1) the court lacks jurisdiction over the subject matter; and (2) the complaint fails to state a claim upon which relief can be granted.

The New York City defendants, to wit, Abe Stark, President of the City Council of the City of New York; Denis J. Mahon, James Powers, John R. Crews, Thomas Mallee, Commissioners, Board of Elections, New York City, have answered the complaint, admitting the allegations thereof and in effect asking for the relief sought by the plaintiffs. Consequently, they have opposed the aforesaid motion.

### The Complaint

Plaintiffs in their various alleged capacities as taxpayers, citizens and voters seek (1) a judgment pursuant to 28 U.S.C.A. §§ 2201 and 2202 declaring New York's constitutional and statutory provisions governing apportionment of State, Senate and Assembly Districts (New York State Constitution, Art. III, §§ 2–5; New York State Law, McK. Consol.Laws, c. 57, §§ 121, 123) unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment of the United States; and (2) an injunction to restrain the New York Attorney General and Secretary of State, as well as the above-mentioned county and municipal officials, from performing their required functions under the challenged laws.

Jurisdiction is asserted and relief requested both under the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1988, and 28 U.S.C.A. § 1343(3), and under the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201–2202. Plaintiffs seek the convening of a three-judge court, pursuant to 28 U.S.C.A. § 2281, insofar as an injunction is sought restraining enforcement or execution of a state statute and constitution.

Except for W.M.C.A. Inc., a New York corporation, characterized in the complaint as a "taxpayer" (par. 3 of complaint), plaintiffs are all individuals described as "citizens," "taxpayers," and "qualified voters" (par. 4 of complaint) from four of the five counties of New York City (none from Richmond County) and the Counties of Nassau and Suffolk. One of the plaintiffs, R. Peter Straus, further alleges that he is president of the corporate plaintiff, W.M.C.A. Inc. (par. 4 [a] of complaint).

Plaintiffs seek to declare Art. III, §§ 2–5 of the New York State Constitution violative of the due process and equal protection of the law provisions of the Fourteenth Amendment of the Constitution of the United States upon the ground that:

" * * * the apportionment formula contained therein results, and must necessarily result, when applied to the population figures of the State in a grossly unfair weighting of both houses in the State legislature in favor of the lesser populated rural areas of the state to the great disadvantage of the densely populated urban centers of the state." (par. 12 of complaint)

The complaint specifically cites as the cause of this allegedly unconstitutional distribution of state legislative representation the New York Constitutional provisions requiring that:

(a) " * * * the total of fifty Senators established by the Constitution of 1894 shall be increased by those Senators to which any of the larger counties become entitled in addition to their allotment as of 1894, but without effect for decreases in other large counties * * * ;

(b) no county may have "four or more Senators unless it has a full ratio for each Senator * * * " and

(c) " * * * every county except Hamilton shall always be entitled [in the Assembly] to one member

coupled with the limitation of the entire membership to 150 members * * *." (par. 13 of complaint.)

Plaintiffs further allege that they have been subjected to "taxation without adequate representation" (par. 18 of complaint) and that the prevailing New York apportionment formula is "contrary to the prevailing philosophy of government in the United States and all Anglo-Saxon jurisdictions." (par. 17 of complaint.)

This court is therefore requested to convene a three-judge court to declare New York State Constitution, Art. III, §§ 2–5, unconstitutional and void; to restrain the Secretary of State from printing, mailing or otherwise distributing any election materials, the Attorney General from enforcing said constitutional and statutory provisions, and the aforementioned municipal and county officials from taking any action under such existing laws (complaint, pp. 15–16). This court is further asked "to retain jurisdiction of this cause until such time as the legislature of the State * * * provides for such apportionment of the State legislature as will insure to the urban voters of New York State the rights guaranteed them by the Constitution of the United States" (complaint, p. 17).

No application by the plaintiffs for a preliminary injunction has been submitted. The plaintiffs here oppose the motion to dismiss the complaint and in turn move that a three-judge court be convened to determine the issues herein involved.

The moving defendants argue in substance that the formula for apportionment of representation in the State legislature involves a matter of local concern and does not present a justiciable issue for the federal courts. In support of their contention reference is made to the long line of decisions [1] by the United States Supreme Court which purportedly evince a consistent attitude of non-intervention in an area characterized by Mr. Justice Frankfurter as a "political thicket." Colegrove v. Green, 1946, 328 U.S. 549, 556, 66 S.Ct. 1198, 90 L.Ed. 1432.

Plaintiffs, on the other hand, in moving for a three-judge court, point out that in almost all the cases cited by defendants involving the question of state apportionment, motions to dismiss the complaint were in fact initially denied and hearings at least were held by three-judge statutory courts convened in accordance with 28 U.S.C.A. §§ 2281 and 2284.[2]

---

1. Matthews v. Handley, 1959, 361 U.S. 127, 80 S.Ct. 256, 4 L.Ed.2d 180, affirming per curiam D.C.N.D.Ind., South Bend Div. 1959, 179 F.Supp. 470; Hartsfield v. Sloan, 1958, 357 U.S. 916, 78 S.Ct. 1363, 2 L.Ed.2d 1363 (per curiam); Radford v. Gary, 1957, 352 U.S. 991, 77 S.Ct. 559, 1 L.Ed.2d 540, affirming per curiam D.C. W.D.Okla.1956, 145 F.Supp. 541; Kidd v. McCanless, 1956, 352 U.S. 920, 77 S.Ct. 223, 1 L.Ed.2d 157, dismissing per curiam appeal from 1956, 200 Tenn. 273, 292 S. W.2d 40; Anderson v. Jordan, 1952, 343 U.S. 912, 72 S.Ct. 648, 96 L.Ed. 1328, dismissing per curiam appeal from Supreme Court of California; Remmey v. Smith, 1952, 342 U.S. 916, 72 S.Ct. 368, 96 L.Ed. 685, dismissing per curiam appeal from D.C.E.D.Pa.1951, 102 F.Supp. 708; South v. Peters, 1950, 339 U.S. 276, 70 S.Ct. 641, 94 L.Ed. 834, affirming per curiam D.C.N.D.Ga.1950, 89 F.Supp. 672; MacDougall v. Green, 1948, 335 U.S. 281, 69 S.Ct. 1, 93 L.Ed. 3, affirming per curiam D.C.N.D.Ill.E.D.1948, 80 F.Supp. 725; Colegrove v. Barrett, 1947, 330 U. S. 804, 67 S.Ct. 973, 91 L.Ed. 1262, dismissing per curiam appeal from United States District Court for the Northern District of Illinois; Cook v. Fortson and Turman v. Duckworth, 1946, 329 U.S. 675, 67 S.Ct. 21, 91 L.Ed. 596, dismissing per curiam appeals from D.C.N.D.Ga. Atlanta Div.1946, 68 F.Supp. 624, 744; Colegrove v. Green, 1946, 328 U.S. 549, 66 S.Ct. 1198, 90 L.Ed. 1432, affirming D.C.N.D.Ill.E.D.1946, 64 F.Supp. 632; Wood v. Broom, 1932, 287 U.S. 1, 53 S. Ct. 1, 77 L.Ed. 131, reversing D.C.S.D. Miss., Jackson Div.1932, 1 F.Supp. 134.

2. Radford v. Gary, D.C.W.D.Okla.1956, 145 F.Supp. 541; Remmey v. Smith, D.C. E.D.Pa.1951, 102 F.Supp. 708; South v. Peters, D.C.N.D.Ga., Atlanta Div.1950, 89 F.Supp. 672; MacDougall v. Green, D.C.N.D.Ill.E.D.1948, 80 F.Supp. 725; Cook v. Fortson and Turman v. Duckworth, D.C.N.D.Ga., Atlanta Div.1946, 68

Plaintiffs argue, moreover, that the recent action of the Supreme Court in a case involving state legislative apportionment, Baker v. Carr (No. 103, October Term, 1960), may presage a reversal of the court's "general philosophy" of reluctance to consider the merits of legislative apportionment suits.[3]

Baker v. Carr (No. 103, October Term, 1960) concerns an appeal from an order of a three-judge court of the United States District Court for the Middle District of Tennessee dismissing an action wherein it was alleged that the failure of the Tennessee state legislature to comply with provisions of the state Constitution requiring periodic legislative reapportionment violated the equal protection and due process clauses of the Fourteenth Amendment. The district court judge denied the motion to dismiss and held that the court had jurisdiction, leaving the questions presented to be determined by a three-judge court. Baker v. Carr, D.C.M.D.Tenn., Nashville Div. 1959, 175 F.Supp. 649. The three-judge statutory court, in a per curiam decision, declared that it had no right to intervene or to grant the relief sought and dismissed the action. D.C.M.D. Tenn., Nashville Div. 1959, 179 F.Supp. 824.

The Supreme Court noted probable jurisdiction in the case (see 364 U.S. 898, 81 S.Ct. 230, 5 L.Ed.2d 193), agreeing to a hearing on the merits, which was held on April 19 and 20, 1961 (see 29 U.S.L. Week 3313–3316, April 25, 1961). On May 1, 1961, the court ordered that the case be reargued at the head of the calendar on October 9, 1961. See 366 U.S. 907, 81 S.Ct. 1082.

Plaintiffs also advert to another apportionment case now pending for disposition in the United States Supreme Court. In Scholle v. Hare, 1960, 360 Mich. 1, 104 N.W.2d 63, the Supreme Court of Michigan held that an amendment to the state Constitution establishing state senatorial districts substantially unequal in population and voting power did not violate the equal protection and due process clauses of the Fourteenth Amendment. This decision was handed down prior to the action of the Supreme Court noting probable jurisdiction in Baker v. Carr, supra. A jurisdictional statement on appeal was filed on December 12, 1960 (see 29 U.S.L.Week 3190, December 20, 1960), but the Supreme Court has as yet taken no action in the matter. See 30 U.S.L.Week 3001, July 4, 1961.

It is therefore urged by plaintiffs that the pending status of the Baker and

F.Supp. 624, 744. See also Matthews v. Handley, D.C.N.D.Ind., South Bend Div. 1959, 179 F.Supp. 470; Magraw v. Donovan, D.C.D.Minn., Third Div.1958, 159 F. Supp. 901; Baker v. Carr, D.C.M.D. Tenn., Nashville Div.1959, 175 F.Supp. 649.

In Shiver v. Gray, 5 Cir., 1960, 276 F. 2d 568, the court of appeals affirmed the action of the district court dismissing the complaint without prejudice to an appropriate action in the state courts. Again, in Perry v. Folsom, D.C.N.D.Ala., S.D. 1956, 144 F.Supp. 874, the district court judge dismissed an action to compel reapportionment of the membership of the state legislature in compliance with the state Constitution.

Scholle v. Hare, 1960, 360 Mich. 1, 104 N.W.2d 63; Kidd v. McCanless, 1956, 352 U.S. 920, 77 S.Ct. 223, 1 L.Ed.2d 157, and Anderson v. Jordan, 1952, 343 U.S. 912, 72 S.Ct. 648, 96 L.Ed. 1328, involved appeals taken from decisions of state tribunals.

A motion to dismiss was denied in Dyer v. Kazuhisa Abe, D.C.D.Hawaii 1956, 138 F.Supp. 220, but a three-judge court was not convened. Since, at the time, Hawaii was still a territory of the United States, a single judge had jurisdiction to grant the relief requested.

3. Plaintiffs also attach considerable significance to the United States Government's seeking and receiving leave from the Supreme Court to appear as *amicus curiae* in support of petitioners in Baker v. Carr, and the filing of a comprehensive brief by the Solicitor General supporting jurisdiction of the federal courts in such apportionment cases and upholding the justiciability of petitioner's complaint.

The defendants, for their part, deem it equally significant that in the brief submitted by the United States in the Baker case, the State of New York is not listed among those states charged by the government with great disparities in state legislative districts.

Scholle cases before the Supreme Court indicates a re-examination of the relevant body of law by that tribunal. It is further contended that the complaint sub judice states a cause of action at least as meritorious as that contained in the Baker case. The present direction of the law is asserted to favor denial of the motion to dismiss and the convening of a three-judge court to weigh the merits of plaintiff's claims.

An examination of the Supreme Court decisions reveals that despite the language employed by Mr. Justice Frankfurter in Colegrove v. Green, 1946, 328 U.S. 549, 66 S.Ct. 1198, 90 L.Ed. 1432, a majority of the justices has never expressly held that the court was without jurisdiction over matters concerning legislative apportionment, whether on a national or state level. Rather, it appears, the court has seen fit, under the particular circumstances presented in the cases before it, to decline to exercise its equity power in this area.

In this connection, Mr. Justice Rutledge, whose concurring vote proved decisive in Colegrove v. Green, supra, referred to the significance of this decision in the opinion he filed in Cook v. Fortson, 1946, 329 U.S. 675, 67 S.Ct. 21, 91 L.Ed. 596:

> " * * * A majority of the justices participating refused to find that there was a want of jurisdiction, but at the same time a majority, differently composed, concluded that the relief sought should be denied. I was of the opinion that, in the particular circumstances, this should be done as a matter of discretion, for the reasons stated in a concurring opinion." 329 U.S. at page 678, 67 S.Ct. at page 22.

See also the observations of Mr. Justice Kavanaugh of the Supreme Court of Michigan regarding Colegrove v. Green in Scholle v. Hare, 1960, 360 Mich. 1, 104 N.W.2d 63, 70–71.

Similarly, in MacDougall v. Green, 1948, 335 U.S. 281, 69 S.Ct. 1, 4, 93 L.Ed. 3, Mr. Justice Rutledge, again concurring in the result, noted the close analogy in its facts and legal issues between that case and Colegrove v. Green. He concluded that as in Colegrove, the MacDougall case was "one in which * * * this Court may properly, and should, decline to exercise its jurisdiction in equity," and agreed, "but solely for this reason * * * that the judgment refusing injunctive relief should be affirmed." 335 U.S. at page 287, 69 S.Ct. at page 4.

That this court should disclaim jurisdiction because the question presented touches upon an area denominated as "political" is not sufficiently persuasive, in my opinion, to preclude judicial entertainment and consideration of such issues. The Supreme Court has not refrained from determinations of controversies involving political aspects when a right to judicial relief has been established and deemed appropriate. See, e. g., Gomillion v. Lightfoot, 1960, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110; Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Nixon v. Herndon, 1927, 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759.

After due and careful evaluation of the allegations set forth in the instant complaint in the light of the various authorities cited by counsel on both sides, I find that in the ultimate analysis the issues presented herein are of such a character as to warrant the convening of a three-judge court.

I am aware that the present action differs in certain respects, and perhaps significantly so, from the Baker and Scholle cases now pending in the Supreme Court. The final disposition of these cases by our highest tribunal must perforce remain a matter of speculation at this juncture.

But, in any event, it has not been established to the court's full satisfaction that the instant bill of complaint, whatever its ultimate fate, presents a question that has been clearly settled by decisions of the Supreme Court or one that is "obviously without merit" so as to be devoid of a substantial federal question. See

Ex parte Poresky, 1933, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L.Ed. 152.

In opposing the motion to dismiss, plaintiffs submitted three affidavits, which, as was expressed during oral argument on June 7, 1961, contain "facts relevant to whether or not the allegations in the complaint state a substantial cause of action for purposes of determining whether or not a three-judge court should be convened." (SM 27) The State Attorney General has moved to strike these affidavits as improper under the circumstances.

In determining the present motions, the court has restricted itself to the allegations delineated in the plaintiffs' complaint. Such affidavits may perhaps be properly considered in connection with the jurisdictional question. See Land v. Dollar, 1947, 330 U.S. 731, 735, note 4, 67 S.Ct. 1009, 1011, 91 L.Ed. 1209.[4] In view of the convening of the three-judge court which may encounter similar problems wherein use of the affidavits may be deemed appropriate, the motion to strike is deferred for consideration by said court.

The New York State Attorney General has also raised certain issues as to the standing of W.M.C.A. Inc. as a plaintiff herein. In view of the disposition above, this issue is likewise referred to the three-judge court.

Being of the opinion therefore that the questions presented herein should be considered by a court of three judges, this court, pursuant to 28 U.S.C.A. § 2284, has accordingly notified the Chief Judge of the Second Circuit of the pendency of this action and the ruling of the court herein denying the motion to dismiss. This will result in the constitution of a court of three judges under 28 U.S.C.A. § 2281.

### Supplemental Opinion

This is intended to clarify the import of my original opinion rendered in this matter on July 7, 1961, and filed the same day. The court's ruling therein denying the motions to dismiss made by certain of the defendants is without prejudice to the right of these defendants to renew said motions, if so elected, before the three-judge statutory court.

---

4. "In passing on a motion to dismiss because the complaint fails to state a cause of action, the facts set forth in the complaint are assumed to be true and affidavits and other evidence produced on application for a preliminary injunction may not be considered. Polk Co. v. Glover, 305 U.S. 5, 9, 59 S.Ct. 15, 16, 83 L.Ed. 6; Gibbs v. Buck, 307 U.S. 66, 76, 59 S.Ct. 725, 731, 83 L.Ed. 1111. But when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, Judicial Code § 37, 28 U.S.C. § 80, Fed.R.Civ.P. 12(b), the court may inquire, by affidavits or otherwise, into the facts as they exist. Wetmore v. Rymer, 169 U.S. 115, 120–121, 18 S.Ct. 293, 295, 42 L.Ed. 682; McNutt v. General Motors Corp., 298 U.S. 178, 184 et seq., 56 S.Ct. 780, 783, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 201, 81 L.Ed. 183. As stated in Gibbs v. Buck, supra, pp. 71–72, 59 S.Ct. at page 729, 83 L.Ed. 1111. 'As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.' "